**In re LUPRON® MARKETING AND SALES PRACTICES LITIGATION**

**No. MDL NO. 1430.**
**Master File No. 01–CV–10861–RGS.**

United States District Court,
D. Massachusetts.

March 1, 2004.

Jeffrey L. Kodroff, Spector & Roseman, Philadelphia, PA, Michael J. Flannery, The David Danis Law Firm, P.C., St. Louis, MO, Thomas G. Shapiro, Shapiro, Haber & Urmy, LLP, Thomas M. Sobol, Hagens Berman, Boston, MA, for Plaintiffs.

Anita B. Bapooji, Deborah S. Birnbach, Joseph F. Savage, Jr., Matthew A. Wolfman, Monica Meier Franceschini, Testa, Hurwitz & Thibeault, LLP, Daniel A. Curto, Donald R. Frederico, McDermott, Will & Emery, Martin F. Murphy, Rheba Rutkowski, Bingham McCutchen LLP, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL INDIVIDUAL PLAINTIFFS' RELEASES

STEARNS, District Judge.

TAP Pharmaceutical Products, Inc. (TAP) seeks an order compelling the individual plaintiffs to provide releases permitting access to their personal medical, employment, and insurance records. TAP claims that these records are "critical for TAP to obtain discovery relating to class certification issues, as well as Plaintiffs' claims and TAP's defenses on the merits." I understand the relevance (and importance) of evidence demonstrating the number of Lupron® injections each plaintiff received, the amounts paid for the injections, and the reimbursements, if any, that were received from third party payors. Plaintiffs, however, respond that this information has been or will be promptly produced. Beyond this core of relevant discovery, I particularly do not understand the need for plaintiffs' medical records. The issue is whether plaintiffs paid a fraudulently inflated price for Lupron®, not whether Lupron® was medically necessary or correctly prescribed by their treating physicians. For all it matters, a plaintiff may have sought out Lupron® because of an affliction of Munchausen syndrome. His or her motive would not, however, detract from the issue of whether he or she (or their insurer) was overcharged for the drug. Consequently, the motion to compel (docket # 135) is *DENIED*.

SO ORDERED.